```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

**ROGERS GROUP, INC.**                                                    **PLAINTIFF**

        **v.**            **Civil No. 09-5246**

**CITY OF FAYETTEVILLE, ARKANSAS**                                         **DEFENDANT**

### O R D E R

    On this 31st day of March, 2011, comes before this Court plaintiff's **Motion for Partial Summary Judgment (Doc. 34)** and defendant's **Cross-Motion for Summary Judgment on all Counts of Plaintiff's Complaint (Doc. 50).** The Court, being well and sufficiently advised, finds and orders as follows:

    1.  Plaintiff, Rogers Group, Inc. ("RGI") commenced this case by filing a complaint against Defendant, City of Fayetteville ("City") with respect to an ordinance (Ordinance #5280) adopted by the City on October 20, 2009, which purported to regulate the operation of rock quarries within the City -- and within one mile beyond the City limits.

    2.  RGI operates a limestone quarry (the "Quarry") outside the City limits -- but within one mile thereof. After the City enacted Ordinance #5280, and on November 4, 2009, RGI brought this lawsuit asserting, *inter alia*, the following:

    \*  Count I -- seeking a declaratory judgment that the City lacks jurisdiction to regulate the operation of rock quarries outside the city limits, but within one mile beyond the City

limits -- this claim obviously based upon the enactment of Ordinance #5280.

RGI also prayed for a preliminary and a permanent injunction prohibiting the City from enforcing the Ordinance;

\* Count II -- seeking an injunction barring enforcement of Ordinance #5280 as against RGI and damages RGI had allegedly suffered as a result of a claim for the alleged violation of RGI's due process rights due to the enactment of the Ordinance -- based upon RGI's claim that the City lacked a rational basis for the enactment of Ordinance #5280;

\* Count III -- seeking relief based upon a claim for inverse condemnation under Arkansas law due to the enactment of Ordinance #5280; and

\* Count IV -- seeking relief on an alternative claim for an unconstitutional taking without just compensation in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution -- again due to the enactment of Ordinance #5280.

3. After a hearing held on November 30, 2009, this Court entered an Order granting RGI's motion for preliminary injunction, finding that RGI had a high probability of success on the merits -- based in large part on the Court's conclusion that the City does not have not have the authority to regulate activities that are outside the city limits, but within one (1) mile of the city

limits, absent a judicial determination that such activity is a nuisance. (*See* Doc. 17).

 4. The City appealed this Court's Order and the Eighth Circuit affirmed. *See Rogers Group, Inc. v. City of Fayetteville*, 629 F.3d 784 (8th Cir. 2010).

 5. The City subsequently asked this Court to certify the legal question of the City's authority in this matter to the Arkansas Supreme Court, but the undersigned declined to do so. (*See* Doc. 72).

 6. On March 18, 2011, the Court held a telephone conference call with the parties to discuss the status of matter. During said telephone conference, the Court noted that both motions under consideration are still pending and now appear to be ripe for decision in light of the recent history of the case.

 In that conference call, the Court expressed its view that, in light of that history, it would seem to follow:

 * that, pursuant to the law of the case doctrine, the question -- (raised by Count I of RGI's Complaint) of whether the City has the authority to regulate rock quarries outside the city limits absent a judicial declaration that such activity is a nuisance -- has been decided by the Eighth Circuit, which held that "[t]here is no express authority to determine by ordinance whether something is a nuisance per se beyond the city's

boundaries." **Rogers Group, Inc. v. City of Fayetteville, 629 F.3d 784, 789 (8th Cir. 2010);**

    *   that, therefore, RGI is entitled to partial summary judgment on Count I of its Complaint;

    *   that, therefore, RGI's remaining claims are moot; and

    *   that, therefore, the City's motion for summary judgment should be denied.

During the telephone conference, counsel for the City requested additional time to discuss the matter with the City Council before the Court entered orders on the pending motions.

The Court granted the City's request, and gave counsel for the City one week to discuss the matter with the City Counsel and to advise the Court if the City wanted to request a hearing on the matter.

    7.   On March 23, 2011, the City filed a "Report to the Court" (Doc. 73) in which the City advises the Court:

    * that, on March 22, 2011, the City Council passed Ordinance #5393, which amends Fayetteville's Code of Ordinances so that they are no longer applicable to quarries operating outside the city limits of Fayetteville;[1] and

---

[1] Specifically, Ordinance 5393 amends Article I "Rock Quarry Operating Licence" of Chapter 113: Rock Quarries and Dirt Mining Facilities of the Fayetteville Code of Ordinances.  Article I was the codification of Ordinance 5280 -- which is the Ordinance at issue in this case.

* that it took this action to "preserve the viability of the Rock Quarry Operating License" within Fayetteville city limits and to avoid litigation expense."

In paragraph 3 of its "Report to the Court", the City states the following:

> The Severability Section (Section 10.07) of the Fayetteville Code (certified copy attached as Exhibit B) could have allowed the Court to sever any portions of the **Rock Quarry Operating License Article** which it might determine invalid. However, the City believes that the Court should only consider the currently enacted and in force **Rock Quarry Operating License** Article's provisions because the March 22, 2011 amending ordinance was adopted with an Emergency Clause and thus became immediately effective.

In paragraph 4 of its "Report to the Court", the City opines that the terms of the "currently effective **Rock Quarry Operating License** Article" do not affect RGI.

8.  RGI has responded to the City's "Report to the Court" by saying that, despite the new amended ordinance, RGI is still entitled to a final ruling on the issue of the City's authority to regulate rock quarries outside the city limits and that, based on the law of the case, RGI is entitled to partial summary judgment on that issue.  RGI concedes that, if the Court grants it partial summary judgment on that issue, the remainder of its claims are moot and should be dismissed without prejudice to future action.

9.  Although the City does not clearly so state, the Court believes it may be fairly inferred from the "Report to the Court" that the City believes its act of amending the ordinance moots the

issue before this Court -- *i.e.* whether the City has the authority to regulate rock quarries that are outside the city limits, but within one (1) mile of the city limits, absent a judicial determination that such activity is a nuisance.

10. In the Court's view, the issue on which this case turned -- whether the City (as it attempted to do by the enactment of Ordinance #5280) has the authority to regulate rock quarries outside the city limits absent a judicial declaration that such activity is a nuisance -- has been decided adversely to the City's argument and that is the law of this case on that point. Further it is the Court's view that the City's action of replacing Ordinance #5280 with an amending ordinance not containing the unauthorized provisions has no bearing on the resolution of that issue.

Thus, because the City has now (apparently prompted by adverse holdings by this Court) eliminated the challenged provisions from its City Code, it appears to the Court that RGI has succeeded in its challenge to the unauthorized provisions of Ordinance #5280 the same as if, in the absence of such action by the City, the Court had granted (as it would have) RGI's Motion for Partial Summary Judgment together with the injunctive relief sought by RGI in connection with its challenge.

11. It follows therefore that, because of the City's action in replacing Ordinance #5280 with an amended ordinance, RGI's

request for a declaratory judgment concerning the validity of the replaced ordinance is moot and it is unnecessary for the Court to further address that request.

12. It also follows that RGI's request for a permanent injunction is likewise moot because Ordinance #5280 is no longer in place or operative. Moreover, in light of the foregoing, the Court concludes that the remainder of RGI's claims are moot and they will be dismissed.

13. The Court further concludes, for reasons set out above, that the City's cross-motion for summary judgment is likewise moot.

**IT IS THEREFORE ORDERED** that RGI's **Motion for Partial Summary Judgment (Doc. 34)** is **moot and will be DENIED on that basis.**

**IT IS FURTHER ORDERED** that the City's **Cross-Motion for Summary Judgment on all Counts of Plaintiff's Complaint (Doc. 50)** is **moot and will be DENIED on that basis.**

**IT IS FURTHER ORDERED** that, in light of the foregoing, no case or controversy exists with respect to this case and it is **DISMISSED.**

**IT IS SO ORDERED.**

                                                 /s/ Jimm Larry Hendren
                                                 **JIMM LARRY HENDREN**
                                                 **UNITED STATES DISTRICT JUDGE**